**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**ERICA GRIFFIN**                                                                     **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO.**  1:23cv054-SA-DAS

**STARKVILLE OKTIBBEHA COUNTY SCHOOL DISTRICT**        **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

      **COMES NOW** the Plaintiff, Erica Griffin, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under Title VII for claims of Sexual Harassment and Retaliation against the Defendant, Starkville Oktibbeha County School District. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

      1.     Plaintiff, Erica Griffin, is an adult female who resides in Oktibbeha County, Mississippi.

      2.     Defendant, Starkville Oktibbeha County School District, may be served by serving its Superintendent, Dr. James Magee, with process at his place of business: 401 Greensboro Street, Starkville, MS 39759.

**JURISDICTION AND VENUE**

      3.     This Court has federal question and civil rights jurisdiction for a cause of action arising under Title VII of the Civil Rights Act of 1964, as amended.

      4.     This Court has subject matter and personal jurisdiction over the Defendant and venue is proper in this Court.

5. Plaintiff timely filed her Charge of Discrimination with the EEOC on March 25, 2022, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on March 8, 2023, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF FACTS

6. Plaintiff is a 40-year-old female resident of Oktibbeha County, Mississippi.

7. Plaintiff was hired on October 10, 2016, as a School Bus Driver at Starkville Oktibbeha County School District (SOCSD).

8. Beginning soon after Plaintiff began her employment at SOCSD, Department Head of Transportation Kelvin Gibson began sexually harassing Plaintiff and pressuring her to have sex with him.

9. At times, Mr. Gibson would take pictures of Plaintiff without her permission.

10. Mr. Gibson sent Plaintiff flirtatious messages by text or called her cell phone and made flirtatious statements to her over the phone.

11. On or around September 2017, Mr. Gibson asked Plaintiff if she was afraid of him, and she responded yes, she was.

12. Plaintiff contends that because of Mr. Gibson's frequent sexually harassing comments and insinuations toward her, she feared he would grab her body if she went near him.

13. On or around May 2018, when Plaintiff requested a day off, Mr. Gibson responded that he would not allow her to take a day off unless she went on a date with him.

14. Similarly, in September 2018, Mr. Gibson offered to buy Plaintiff a drink, as if he were going to go buy it and bring it to her at work.

15. Plaintiff declined the offer.

16. During September 2020, Plaintiff's Bus Monitor, Tiffany Scott, asked Plaintiff to ask Mr. Gibson about her insurance.

17. When Plaintiff asked Mr. Gibson about the issue of Ms. Scott's insurance, Mr. Gibson flirtatiously responded, "What are you willing to do in order for her to get insurance?" clearly insinuating sexual activity.

18. As she regularly responded to Mr. Gibson's overtures, Plaintiff did not joke with him in response, and merely stated, "Nothing."

19. During November 2020, Mr. Gibson called Plaintiff over to him.

20. Assuming he wanted to address her regarding a work issue, she complied.

21. Then, however, Mr. Gibson began questioning Plaintiff about her clothing and he asked why she had been "covering up."

22. Plaintiff responded by ignoring his comments and walked away.

23. During January 2022, Mr. Gibson commented openly in the presence of Plaintiff and Supervisor Kirby Sherman about Plaintiff's buttocks (i.e., referring to her "ass" and "butt") and he insinuated that she may have gotten a cosmetic procedure to

enhance that part of her body, i.e., he stated to Plaintiff and Mr. Sherman, "Guess what? Fake asses have made it to Starkville…".

24. During January 2022, Mr. Gibson hugged Plaintiff despite her protests and without her permission.

25. During February 2022, Mr. Gibson instructed Plaintiff to call him on the phone.

26. When Plaintiff called, however, Mr. Gibson began telling her how one of the male teachers was asking him about her and graphically describing her body.

27. Mr. Gibson stated that the teacher had referred to her "butt" and that he had replied to him, "That's not butt, that's ass!"

28. Plaintiff responded angrily, reminding Mr. Gibson that she was happily married, and she assertively requested that he stop talking to her in that manner.

29. Also during February 2022, Mr. Gibson told Plaintiff that he had given her the nickname "Traffic Jam", so named, according to him, because "you have an ass that can stop traffic!"

30. Plaintiff disregarded the statement and walked away.

31. This interaction was witnessed by co-worker, Melvin Jordan.

32. Plaintiff consistently responded to Mr. Gibson's sexually harassing statements by rebuffing him and reminding him that she is married.

33. On February 24, 2022, Mr. Gibson approached Bus Driver Melissa Haughton, who had returned from completing her route, and pressured her to drive an additional route.

34. Ms. Melissa responded that she refused to drive the additional route.

35. Soon after that, Plaintiff returned from completing her route.

36. Mr. Gibson approached Plaintiff and began to pressure her to drive an additional route.

37. Similarly to Ms. Melissa, Plaintiff refused to drive the additional route.

38. In response, Mr. Gibson informed Plaintiff that she was terminated, allegedly due to "insubordination."

39. Although two different bus drivers (Plaintiff and Ms. Melissa) were pressured to drive an additional route, only Plaintiff was terminated, allegedly due to insubordination.

40. Plaintiff contends that following an extended period of episodic sexual harassment from Mr. Gibson, she was retaliated against and terminated, allegedly due to her refusal to drive an additional route, while another bus driver who also refused to drive an additional route was not terminated or even disciplined.

41. On March 25, 2022, Plaintiff filed an EEOC Charge of sex discrimination, harassment, and retaliation.

42. On May 11, 2022, in response to Plaintiff's Charge, SOCSD submitted a Position Statement to the EEOC.

43. SOCSD's Position Statement alleges that "Griffin was never sexually harassed while at SOCSD. SOCSD and Kelvin Gibson ("Gibson"), the SOCSD Head of Transportation, adamantly deny the allegations set out in Griffin's Charge. Gibson never harassed Griffin, never pressured her to have sex with him, never took photos of Griffin, never sent inappropriate text messages to Griffin, never asked Griffin to see him outside of work, never implied that she would get special treatment in exchange for engaging in

5

a relationship with him, never offered to buy her drinks, never commented about her appearance or attire, and never engaged in any inappropriate behavior towards Griffin."

44. Plaintiff contends this allegation is false and that all of her previously detailed statements about Mr. Gibson's sexual harassment against her are true.

45. SOCSD's Position Statement alleges that "Griffin claims that Jordan heard Gibson tell her that she had "an ass that can stop traffic" in February 2022. Jordan has been out of work since August 2021 due to a medical issue and was not even present to hear any such alleged statement in February 2022."

46. Plaintiff concedes that Mr. Jordan was off work at the time but contends that Mr. Jordan was at the bus depot on the day in question in February 2022, and he did overhear Mr. Gibson's statement.

47. As to why Mr. Jordan apparently denied overhearing this statement, Plaintiff cannot say.

48. Likewise, Plaintiff cannot say why other witnesses have apparently denied observing the sexual harassment that she endured other than to presume they may be fearful of reprisal if they admit to having done so.

49. In contrast to the allegations of the SOCSD Position Statement, Plaintiff maintains that she was not terminated merely for refusing to drive a certain bus route.

50. In the course of her nearly seven years of employment, she had driven many extra routes and was familiar with the policies of SOCSD.

51. Plaintiff maintains that on February 24, 2022, both Ms. Haughton and she (Ms. Griffin) refused to drive the additional route, but only she (Ms. Griffin) and not Ms. Haughton was written up as being insubordinate and terminated.

52. Plaintiff contends this action by Mr. Gibson was retaliation against her for rebuffing his many sexually harassing advances.

## CAUSES OF ACTION

### COUNT I: VIOLATIONS OF TITLE VII – RETALIATION

53. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 52 above as if fully incorporated herein.

54. Defendant has violated Title VII of the Civil Rights Act of 1964, by retaliating against the Plaintiff for engaging in protected activity by making complaints regarding sexual harassment. Plaintiff contends the actions by Kelvin Gibson, as described in more detail above, were retaliation against her for rebuffing his many sexually harassing advances.

55. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

### COUNT II: VIOLATIONS OF TITLE VII – SEXUAL HARASSMENT

56. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 55 above as if fully incorporated herein.

57. As described in more detail above, Defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against Plaintiff based on her sex, female, by allowing Kelvin Gibson to sexually harass her and by refusing to take any disciplinary actions to correct Kelvin Gibson's behavior.

58. Defendant violated Title VII of the Civil Rights Act of 1964 by allowing Kelvin Gibson to continue to sexually harass Plaintiff.

59. As a result of Defendant's discriminatory conduct, Plaintiff has suffered serious damages, including mental anguish and other emotional pain and suffering, and general and special damages for lost compensation and job benefits.

60. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Lost benefits;
7. Pre-judgment and post-judgment interest;
8. Costs and expenses; and
9. Such further relief as is deemed just and proper.

THIS the 6th day of April 2023.

Respectfully submitted,

ERICA GRIFFIN, Plaintiff

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

Case: 1:23-cv-00054-SA-DAS Doc #: 1 Filed: 04/07/23 9 of 9 PageID #: 9

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com

9